IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFF WELCH and TANYA WHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>JG WORLDWIDE, LLC, JENA GARDNER and JAMES SALEH,<br><br>Defendants. | CV 19-8-BU-BMM-JCL<br><br><br>FINDINGS &<br>RECOMMENDATION |

This breach of contract action comes before the Court on Defendants JG Worldwide, LLC, Jena Gardner, and James Saleh's motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Defendants' motion should be denied.

## I.   __Background__[1]

Plaintiffs Jeff Welch and Tanya White were the shareholders of a Montana corporation by the name of Mercury Advertising, Inc. On March 2, 2018, Mercury Advertising, its shareholders, and Defendant JG Worldwide, LLC, entered into a Share Purchase Agreement. Under the terms of the Purchase Agreement, Plaintiffs

---

[1] Consistent with the standard applicable to a factual challenge to subject matter jurisdiction under Rule 12(b)(1), the following facts are taken from the Complaint (doc. 1) and other materials of record, and where disputed, viewed in the light most favorable to Plaintiffs as the nonmoving party.

sold all shares in Mercury to JG Worldwide for purchase price of $310,000. (Doc.

12-2). Also on March 2, 2018, JG Worldwide executed a Secured Promissory Note

for that amount, payable to Plaintiffs in 15 monthly installments, and bearing

interest at the rate of 3.77 % per annum. (Doc. 1-1)

Contemporaneously with the Promissory Note, Defendants Jena Gardner

and James Saleh executed a Guaranty Agreement by which they guaranteed

payment of JG Worldwide's obligation under the Promissory Note. (Doc. 1-3). To

secure payment of the purchase price, JG Worldwide entered into a Security

Agreement with Plaintiffs, granting them a secured interest in Mercury

Advertising's stock and assets for such time as any amount of the purchase price

remained unpaid. (Doc. 12-2).   JG Worldwide initially made timely monthly

payments in May, June, July, and August 2018, but was nearly two months late

with its September 2018 payment and has not made any subsequent payments on

the promissory note. (Doc. 17, at 2).

Plaintiffs commenced this diversity action in January 2019, asserting a claim

against JG Worldwide for breach of the Promissory Note, and a claim against

Gardner and Saleh for breach of the Guaranty Agreement. (Doc. 1). In lieu of

answering, Defendants filed the pending motion to dismiss the Complaint for lack

of diversity subject matter jurisdiction under Rule 12(b)(1).

## II.   <u>Legal Standard</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

A defendant may pursue a Rule 12(b)(1) motion to dismiss for lack of jurisdiction either as a facial challenge to the allegations of a pleading, or as a substantive challenge to the facts underlying the allegations. *Savage v. Glendale Union High School, Dist. No. 205, Maricopa County*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). A facial challenge to the jurisdictional allegations is one which contends that the allegations "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial challenge the court must assume the allegations in the complaint are true and it must "draw all reasonable inferences in [plaintiff's] favor." *Wolfe*, 392 F.3d at 362.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. In resolving such a factual attack, the court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at

1039. If the moving party has "converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039 (*quoting Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)). In looking to matters outside the pleadings, the Court must "resolve all disputes of fact in favor of the non-movant...similar to the summary judgment standard." *Dreier v. United States*, 106 F.3d 844, 847 (9th Cir. 1996). As with a motion for summary judgment, the party moving to dismiss for lack of subject matter jurisdiction "should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Casumpang v. Int'l Longshoremen's & Warehousemen's Union*, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

## III.  <u>Discussion</u>

For the Court to have subject matter jurisdiction based on diversity, all plaintiffs must be of different citizenship than all defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332. The Complaint seeks more than $200,000 in damages, thereby satisfying the amount in controversy requirement for diversity jurisdiction. (Doc. 1, at 7-8). With respect to diversity of citizenship, the Complaint alleges that Plaintiffs are citizens of Montana, the

individual Defendants are citizens of Connecticut, and JG Worldwide is a limited

liability company organized in Delaware with a principal place of business in New

York. (Doc. 1, at 2). Defendants do not dispute that the amount in controversy

requirement is satisfied, but argue Plaintiffs have not met their burden of

establishing diversity jurisdiction for two reasons.

First, they contend the Complaint is deficient on its face because it does not

properly allege the citizenship of JG Worldwide. "For purposes of diversity

jurisdiction, the citizenship of a limited liability company is determined by the

citizenship of its members." 15A Moore's Federal Practice § 102.57[8]. See also

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

As Defendants correctly point out, the original Complaint is deficient on its

face because while it alleges JG Worldwide's state of organization and principal place

of business, it says nothing about the identity or citizenship of JG Worldwide's

members. (Doc. 1, at 2).  After Defendants filed their motion, however, the parties

entered the following stipulation: "JG Worldwide is a single member LLC,

organized in Delaware with principal business activities in New York and

Connecticut. JG Worldwide's members are JJT Acquisitions, another Delaware

LLC, whose members are James Saleh, Jena Gardner, and Tom Jolley, a citizen of

Utah." (Doc. 17, at ¶ 2). Consistent with this stipulation, Plaintiffs filed an

Amended Complaint that properly alleges the citizenship of JG Worldwide.[2] (Doc. 23, at ¶ 6). Thus, to the extent Defendants move to dismiss based on Plaintiffs' failure to adequately allege JG Worldwide's citizenship, the motion is moot.

Second, Defendants raise a factual challenge to subject matter jurisdiction by arguing that Mercury Advertising, a Montana corporation, is a necessary and indispensable party whose joinder will destroy complete diversity of citizenship. Plaintiffs do not dispute that joining Mercury Advertising as a defendant would divest this Court of jurisdiction, but contend joinder is not required under the circumstances.

Compulsory joinder is governed by Federal Rule of Civil Procedure 19, which requires a two-step analysis. First, the court must "determine if an absent party is 'necessary' to the suit" under subsection (a). *Makah Indian Tribe v. Verity*, 990 F.2d 555 558 (9th Cir. 1990). If the court concludes that the absent party is necessary and cannot be joined for practical or jurisdictional reasons, it must determine under subsection (b) "whether the party is 'indispensible' so that in 'equity and good conscience' the suit should be dismissed." *Makah Indian Tribe*, 990 F.2d at 558. See also *Virginia Surety Co. v. Northrop Grumman Corp.*, 144 F.3d 1243, 1247 (9th Cir. 1998).

---

2 Except for the additional jurisdictional allegations regarding JG Worldwide's citizenship, the Amended Complaint is identical to the original Complaint in all respects. Defendants' motion to dismiss thus pertains equally to both pleadings.

If the absent party is not "necessary" under the factors set forth in subsection

(a), the court need not inquire further. *Makah Indian Tribe*, 990 F.2d at 559. While

Plaintiffs bear the initial burden of establishing subject matter jurisdiction,

Defendants have "the burden of persuasion in arguing for dismissal" based on

failure to join an indispensible party. *Makah Indian Tribe*, 910 F.2d at 558.

Rule 19(a) describes three ways an absent party can be considered

"necessary." First, a party is necessary if, in the party's absence, "the court cannot

accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A).

Second, a party is necessary if it claims an interest in the action and resolving the

action without that party may "as a practical matter impair or impede the [party's]

ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a party is

necessary if it claims an interest in the action and resolving the action without that

party may "leave an existing party subject to a substantial risk of

incurring…inconsistent obligations because of the interest." Fed. R. Civ. P.

19(a)(1)(B)(ii).

Because Defendants do not specify which of the three alternatives in Rule

19(a) they are relying on to support their position that Mercury Advertising is a

necessary party, the Court will address all three in turn.

A.    Complete Relief Among Existing Parties

First, under Rule 19(a)(1)(A), the court must determine whether complete relief can be accorded among those already parties to the suit. "This analysis is independent of the question whether relief is available to the absent party." *Makah Indian Tribe*, 910 F.2d at 558 (citing *Eldredge v. Carpenters 46 Northern California Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)). Here, Plaintiffs are seeking damages resulting from JG Worldwide's alleged breach of the Promissory Note, and Gardner and Saleh's alleged breach of the Guaranty Agreement. (Doc. 1). Plaintiffs have not asserted a claim for breach of the Purchase Agreement to which Mercury Advertising is a party and are not seeking to enforce their security interest in Mercury Advertising. Thus, Plaintiffs are not seeking any relief from Mercury Advertising.

Defendants acknowledge as much, but contend Plaintiffs cannot seek relief under the Promissory Note and Guaranty Agreement without also bringing a claim for breach of the Purchase Agreement. Because the purpose of the Purchase Agreement was to transfer ownership of Mercury Advertising, Defendants argue Mercury Advertising is so closely related to the pending litigation that it is a necessary party and Plaintiffs cannot obtain complete relief in its absence.

Notably, however, Defendants do not cite any authority to support their argument that Plaintiffs cannot bring a claim for breach of the Promissory Note and Guaranty Agreement without also bringing a claim for breach of the Purchase

Agreement. They point to nothing in the Purchase Agreement, Promissory Note, Security Agreement, or Guaranty Agreement requiring Plaintiffs to pursue all of their remedies or bring a specific cause of action in the event of default. To the contrary, the Promissory Note states that in the event of default, Plaintiffs may "exercise or otherwise enforce any one or more of [their] rights, powers, privileges, remedies and interests under this Note, the Share Purchase Agreement or the Security Agreement or applicable law." (Doc. 1-1, at 2). Likewise, the Guaranty Agreement provides that the rights and remedies available to Plaintiffs are cumulative. (Doc. 1-3, at 2).

The Promissory Note and Guaranty Agreement are stand-alone documents, each of which contains all of the terms necessary for Plaintiffs to recover against Defendants. The Promissory Note obligates JG Worldwide to make certain payments to Plaintiffs (doc. 1-1, at 1), and the Guaranty Agreement requires Gardner and Saleh to guarantee JG Worldwide's payment under the Promissory Note. (Doc. 1-3, at 1). The Promissory Note and Guaranty Agreement are enforceable contracts, and Plaintiffs are free to enforce their rights under those contracts without also seeking to enforce their rights under the Purchase Agreement. See e.g. *Summers v. Guss*, 7 F.Supp.2d 237, 240 (W.D.N.Y. 1998) (finding that a loan agreement and promissory note were "separate and distinct

legal obligations that could be enforced without regard to the performance of the stock purchase agreement and other promissory notes).

If Plaintiffs prevail on their claims for breach of the Promissory Note and Guaranty Agreement, they will be able to recover all of the damages they seek from the named Defendants. Because the Court can accord complete relief among existing parties, Mercury Advertising is not a necessary party under Rule 19(a)(1).

2.      Impair or Impede Mercury Advertising's Interests

Second, under Rule 19(a)(1)(B)(i), the court must decide "whether the absent party has a *legally protected interest* in the suit." *Makah Indian Tribe*, 910 F.2d at 558. To satisfy this requirement, the absent party's "interest must be more than a financial stake and more than speculation about a future event." *Makah Indian Tribe*, 910 F.2d at 558 (internal citations omitted). Even "if a legally protected interest exists, the court must further determine whether that interest will be *impaired or impeded"* if the suit is resolved in the party's absence. Impairment may be minimized if the absent party is adequately represented in the suit." *Makah Indian Tribe*, 910 F.2d at 558. See also, *Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1180 (9th Cir. 2012) (concluding that "[a]n absent party with an interest in the action is not a necessary party under Rule 19(a) 'if the absent party is adequately represented in the suit.'") (quoting *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)).

Defendants argue that because Plaintiffs retained a security interest in Mercury Advertising's assets, Mercury Advertising has a legally protected interest in the outcome of this litigation which may be impaired if it is not joined as a party. But Plaintiffs are not seeking to enforce their security interest in Mercury Advertising's assets and have not brought a claim for return of the shares now held by JG Worldwide. Instead, Plaintiffs are requesting a monetary judgment against JG Worldwide and the individual Defendants. Because Plaintiffs are not seeking to enforce their security interest, Mercury Advertising's alleged interest is speculative and therefore not legally protected.

Even assuming Mercury Advertising had a legally protected interest in this litigation, its interest is aligned with that of the existing Defendants. JG Worldwide owns all shares in Mercury Advertising, and Gardner and Saleh have guaranteed payment of JG Worldwide's obligation under the Promissory Note. Under these circumstances, the existing Defendants can be expected to adequately represent Mercury Advertising's interests in this action.

The Court thus concludes that resolving this action without Mercury Advertising will not, as a practical matter, impair or impede Mercury Advertising's ability to protect its legally protected interests. Accordingly, Mercury Advertising is not a necessary party under Rule 19(a)(1)(B)(i).

      3.    <u>Inconsistent Obligations</u>

Third, under Rule 19(a)(1)(B)(ii), an absent party is necessary if it has an interest in the action and resolving the action without that party may "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." In this context, "[i]nconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *U.S.A. Fund, LLP v. Wealthbridge Mortgage Corp.,* 2011 WL 3476815, *4 (D. Or. Aug. 9, 2011) (quoting *NRDC v. Kempthorne*, 539 F.Supp.2d 1155, 1190 (E.D. Cal. 2008)). In other words, the Court must determine "whether *risk of inconsistent rulings* will affect the parties in the present suit." *Makah*, 910 F.2d at 558-59.

Defendants maintain that resolving this litigation without Mercury Advertising puts them at risk of incurring multiple obligations under the Promissory Note. There are no other related lawsuits pending, however, and the Court fails to see how Defendants might be subject to inconsistent rulings as this matter proceeds. Because there is no substantial risk that Defendants will face multiple or inconsistent obligations due to Mercury Advertising's absence, Mercury Advertising is not a necessary party under Rule 19(a)(1)(B)(ii).

For the reasons set forth above, the Court concludes Defendants have not established that Mercury Advertising is a necessary party under any of the three alternatives set forth in Rule 19(a). Having determined that Mercury Advertising is

not a necessary party under Rule 19(a), the Court need not consider whether it is an indispensible party under Rule 19(b). Because Defendants have not shown that Mercury Advertising's joinder is compulsory under Rule 19, there is complete diversity of citizenship and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## IV.   **Conclusion**

For the reasons set forth above,

IT IS RECOMMENDED that Defendants' Motion to Dismiss (doc. 10) be DENIED.

DATED this 7th day of June, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge